# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Lopez De La Cruz,<br><br>               Petitioner,<br><br>v.<br><br>Tom Long, et al.,<br><br>               Respondents. | CV 07-00368-TUC-DCB (JM)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner is proceeding pro se with an application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner challenges his guilty plea to a charge of aggravated criminal damage and alleges ineffective assistance of counsel, unconstitutional use of perjured testimony, malicious/vindictive prosecution, and cruel and unusual punishment [Docket No. 1]. Additionally, Petitioner has filed a Motion for Hearing or Conference [Docket No. 14]. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, deny the motion and the petition.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Addressing Petitioner's petition filed pursuant to Rule 32, Ariz.R.Crim.P., the trial court provided the following background:

> On May 9, 2003, the [Petitioner] was indicted on counts of 3rd Degree Burglary, Possession of Burglary Tools and Aggravated Criminal Damage. On Sept. 29, 2004, the jury trial began. On Oct. 1, 2004, the jury returned a Not Guilty verdict

> on the count of Possession of Burglary Tools. The jury did not return an unanimous jury verdict on the other counts. The state made a plea offer to the [Petitioner] which he accepted. On October 20, 2004, the [Petitioner] pled guilty to Aggravated Criminal Damage, a class 6 felony. [Petitioner] also admitted he had six prior felony convictions. The 3rd Degree Burglary count was dismissed as part of that plea agreement.
>
> On January 26, 2005 the [Petitioner] was sentenced by the Court to a presumptive term of 3.75 years in the Department of Corrections. As required by the terms of the pleas agreement, this sentence was ordered to be served concurrent with the 15.75 year sentence previously ordered in CR20022853.

(Ex. B, p. 1.)[1]

Petitioner sought post-conviction relief in the trial court alleging: (1) his trial counsel was ineffective for failing to properly present mitigating factors at sentencing; (2) his trial counsel was ineffective for failing to exercise his "constitutional right to be found not guilty;" (3) prosecutorial misconduct through the presentation of false testimony at trial; (4) prosecutorial misconduct at sentencing by offering a plea agreement with more priors than the first plea offer and by stating six prior felony convictions in the agreement; and (5) that his sentence was excessive and amounted to cruel and unusual punishment. (*Id.* at 1-3.) On February 27, 2006, the trial court denied Petitioner's post-conviction petition on the merits. (*Id.*)

Petitioner then sought review in the Arizona Court of Appeals and listed his claims as follows:

> The unconstitutional use by the state of perjured testimony.
>
> The denial of the constitutional right to representation by a competent lawyer at every critical stage of the proceeding.
>
> Malicious prosecution.
>
> Excessive punishment.

---

[1] Unless otherwise noted, all referenced exhibits are those attached to Respondent's Answer to the Petition [Docket No. 9].

(*Reply*, Exhibit C.) Addressing Petitioner's claim of prosecutorial misconduct, the Court of Appeals noted that Petitioner's conviction was based on a guilty plea and then stated:

> Nonetheless, [Petitioner] devotes his entire argument in the petition for review to the trial court's rejection of his claims of "prosecutorial misconduct," which derive from allegations that the prosecutor elicited "false testimony" from two witnesses at trial. Although [Petitioner] submits several exhibits in an effort to substantiate his claims, they are irrelevant. Whatever did or did not occur at trial did not result in the conviction at issue here. That conviction is based upon his guilty plea. We therefore agree with the trial court's determination that his claims of prosecutorial misconduct did not present any material issues of fact or law that would have entitled him to relief.

(Exhibit E, pp. 2-3.) Addressing Petitioner's remaining claims, the Court of Appeals stated that Petitioner did not "elucidate" his challenges to the trial court's rulings and expressly adopted the trial court's resolution of those claims. (*Id.*, p. 3.) The Arizona Supreme Court subsequently denied his petition for review. (Exhibit F.)

Petitioner timely filed the instant habeas corpus petition on July 30, 2007, and has raised the following claims:

1. The constitutional right to representation by a competent lawyer at every critical stage of the proceeding.

2. The unconstitutional use by the state of perjured testimony in violation of right to a fair trial.

3. Malicious prosecution/prosecutorial vindictiveness offends due process.

4. Eighth Amendment cruel and unusual punishment (excessive punishment).

(*Petition*, pp. 5-8.)

**II.  DISCUSSION**

    **A.  Exhaustion**

A state prisoner must exhaust the available state remedies before a federal court may consider the merits of his habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir.1999). Exhaustion occurs either when a claim has been fairly presented to the highest state court, *Picard v. Connor*, 404 U.S. 270, 275 (1971),

1 or by establishing that a claim has been procedurally defaulted and that no state remedies
2 remain available, *Reed v. Ross*, 468 U.S. 1, 11 (1984).

3      Exhaustion requires that a habeas petitioner present the substance of his claims to the
4 state courts in order to give them a "fair opportunity to act" upon these claims. *See*
5 *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999). A claim has been "fairly presented" if the
6 petitioner has described the operative facts and legal theories on which the claim is based.
7 *Picard v. Connor*, 404 U.S. 270, 277-78 (1971); *Rice v. Wood*, 44 F.3d 1396, 1403 (9th Cir.
8 1995). The operative facts must be presented in the appropriate context to satisfy the
9 exhaustion requirement. The fair presentation requirement is not satisfied, for example,
10 when a claim is presented in state court in a procedural context in which its merits will not
11 be considered in the absence of special circumstances. *Castille*, 489 U.S. at 351, 109 S.Ct.
12 at 1060. An exact correlation of the claims in both state and federal court is not required.
13 *Rice,* 44 F.3d at 1403. The substance of the federal claim must have been fairly presented
14 to the state courts. *Chacon v. Wood*, 36 F.3d 1459, 1467 (9th Cir. 1994) (citations omitted).

15      A petitioner may also exhaust his claims by either showing that a state court found his
16 claims defaulted on procedural grounds or, if he never presented his claims in any forum, that
17 no state remedies remain available to him. *See Jackson v. Cupp*, 693 F.2d 867, 869 (9th Cir.
18 1982). "To exhaust one's state court remedies in Arizona, a petitioner must first raise the
19 claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction
20 relief pursuant to Rule 32," *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994), and then
21 present his claims to the Arizona Court of Appeals. *See Swoopes v. Sublett,* 196 F.3d 1008,
22 1010 (9th Cir. 1999).

23      Respondents contend that Petitioner, by failing to present the claims to the Arizona
24 Court of Appeals, did not satisfy the exhaustion requirement in relation to his claims that (1)
25 his trial attorney was ineffective at trial and at sentencing for various reasons, (2) the
26 prosecutor committed misconduct at trial by offering perjured testimony, (3) the prosecutor
27 committed misconduct during plea negotiations by listing all six of Petitioner's prior felony
28

4

convictions on the written plea agreement, and (4) his sentence constitutes cruel and unusual punishment. In his reply, Petitioner argues that he did raise these claims. In support of his contention he attached portions of what appear to be his Petition in the Court of Appeals which reflect that Petitioner listed the use of perjured testimony, ineffective assistance of counsel, malicious prosecution, and excessive punishment under the heading "Issue Presented for Review." *Reply*, Exhibit C. However, as the Arizona Court of Appeals noted in its decision, Petitioner dedicated his entire argument to the trial court's rejection of his claim of prosecutorial misconduct based on the alleged elicitation of false testimony. (Exhibit E, p. 2.)

Petitioner explains that he did not further elaborate his claims because he was under the impression that the Court of Appeals and the Supreme Court "would review the entire case on record," and because he had requested "an evidentiary hearing to present more evidence." *Reply*, p. 5. These arguments imply that Petitioner, as a layperson, did not have sufficient knowledge to properly present and preserve his claims. Shortcomings such as these are insufficient to meet the good cause standard for excusing a failure to exhaust claims. Petitioner's lack of legal knowledge is not "cause" because it is not an objective factor external to Petitioner which prevented compliance with the exhaustion requirement. *See Kiber v. Walters*, 220 F.3d 1151, 1153-54 (9th Cir. 2000). Petitioner's pro se status and ignorance of the law do not satisfy the cause standard. *See Hughes v. Idaho State Bd. Of Corrections*, 800 F.2d 905, 908-09 (9th Cir. 1986). Petitioner bears the burden to show compliance with the exhaustion requirement, *see, e.g.*, *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir.1982), cert. denied, 455 U.S. 1023 (1982); *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir.1972), and he has failed to do so.

Although Respondents have not raised the argument, Petitioner also failed to identify a federal basis for these claims. A habeas petitioner must cite in state court to the specific constitutional guarantee upon which he bases his claim in federal court. *Tamalini v. Stewart*,

249 F.3d 895, 898 (9th Cir. 2001). Petitioner, at least in the provided portions of his petition filed with the Arizona Court of Appeals, did not identify any federal basis for his claims.

**B.     Merits**

Under the AEDPA, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the state decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). *See Williams v. Taylor*, 120 S.Ct. 1495 (2000). A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Van Tran v. Lindsey*, 212 F.3d 1143, 1150 (9th Cir. 2000). In determining whether a state court decision is contrary to federal law, the court must examine the last reasoned decision of a state court and the basis of the state court's judgment. *Packer v. Hill*, 277 F.3d 1092, 1101 (9th Cir. 2002). A state court's decision can be an unreasonable application of federal law either (1) if it correctly identifies the governing legal principle but applies it to a new set of facts in a way that is objectively unreasonable, or (2) if it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Hernandez v. Small*, 282 F.3d 1132 (9th Cir. 2002).

Petitioner's only non-defaulted claim is that of prosecutorial misconduct at his trial that resulted in his acquittal on the charge of possession of burglary tools and a mistrial on the remaining charges. Subsequent to the trial, Petitioner entered into a plea agreement that resulted in his conviction. As the State courts concluded and the United States Supreme Court has held, a plea of guilty negates any potential habeas claims arising from events that occurred prior to the entry of the guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Ortberg v. Moody*, 961 F.2d 135, 137-38 (9th Cir. 1992). As the trial court stated,

6

"Petitioner's conviction and sentence derive from a plea agreement which he knowingly, intelligently and voluntarily entered without fore, threats or duress. There is no basis for the claim of prosecutorial misconduct of presenting false testimony." (Exhibit B, p. 3.) Because Petitioner does not challenge the knowing and voluntary nature of that plea, his claim of prosecutorial misconduct can not support a claim for habeas relief.

### C. Motion for Hearing or Conference

Absent the narrow exceptions set forth in 28 U.S.C. § 2254(e)(2), a federal court is prohibited from holding an evidentiary hearing if the petitioner was not diligent in attempting to develop the factual basis of a claim in state court. *Willaims v. Taylor*, 529 U.S. 420, 435 (2000). If a hearing is not barred under section 2254(e)(2), a federal district court must hold an evidentiary hearing if (1) the petitioner alleges facts which, if proved, would entitle him to relief, and (2) the state court has not "reliably found the relevant facts" after a "full and fair evidentiary hearing" at trial or in a collateral proceeding. *Townsend v. Sain*, 372 U.S. 293, 312, 13 (1963), *overruled in part by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), *and limited by* 28 U.S.C. § 2254(e)(2). Here, even assuming diligence, the Petitioner's claims, as discussed above, do not entitle him to relief. Accordingly, no hearing is required or necessary.

### III. RECOMMENDATION FOR DISPOSITION BY THE DISTRICT JUDGE

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, **deny** Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] and **deny** Petitioner's Motion for Hearing or Conference [Docket No. 14].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.

Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 07-00368-DCB**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 25th day of July, 2008.

*Jacqueline Marshall*
Jacqueline Marshall
United States Magistrate Judge